IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CIVIL ACTION NO. 6:18-CR-00035-JDK |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| LAWRENCE STEVEN MAYO (5), § | |
| § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On October 18, 2022, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Lawrence Steven Mayo. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute and Distribution of More than 5 Grams of Methamphetamine, a Class B felony. The offense carried maximum imprisonment term of 40 years. The United Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. On March 14, 2019, District Judge Thad Heartfield sentenced Defendant to 40 months imprisonment followed by a 2-year term of supervised release subject to standard conditions of release, plus special conditions to include financial disclosure and participation in a program of alcohol and drug abuse treatment and testing. On January 20, 2021, Defendant completed his period of imprisonment and began service of the supervision term. On March 2, 2021, Defendant's conditions were modified to include a condition for mental health treatment; on April 9, 2021, Defendant's conditions were

modified to include the condition that he not possess or consume alcohol; and on May 25, 2021, Defendant's conditions were modified to include residence at a residential reentry center for 180 days. On October 26, 2021, Defendant's term of supervised release was revoked and he was sentenced to a six month term of imprisonment followed by a six month term of supervised release at a halfway house. On April 14, 2022, Defendant began his second term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from the possession or consumption of alcohol. In its petition, the government alleges that Defendant violated his conditions of supervised release when he tested positive for alcohol during a routine alcohol test on September 28, 2022.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he tested positive for alcohol, Defendant will have committed a Grade C violation. U.S.S.G. §7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervised release referenced above by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of three months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Lawrence Mayo be sentenced to three months imprisonment with no supervised release

to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Texarkana. The parties waived their objections and therefore this matter will be immediately presented to the district judge for consideration.

**So ORDERED and SIGNED this 19th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE